UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| ACADIAN CONTRACTORS, INC. | * | CIVIL ACTION NO.: 6:13-cv-00413 |
| | * | |
| VERSUS | * | JUDGE: RICHARD T. HAIK, SR. |
| | * | |
| LEXINGTON INSURANCE COMPANY, ET AL. | * | MAGISTRATE JUDGE: PATRICK J. HANNA |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**ANSWER AND DEFENSES BY
DARWIN SELECT INSURANCE COMPANY**

Defendant Darwin Select Insurance Company ("Darwin Select"), respectfully files this Answer and Defenses to the Petition for Damages, Declaratory Judgment and for Defense and Indemnification ("Petition") filed by plaintiff Acadian Contractors, Inc. ("Acadian") in this matter.

**FIRST DEFENSE**

Acadian fails to state a cause of action against Darwin Select, as alleged insurer of HUB International Gulf South Limited, HUB International Midwest Limited or Bernard C. Thibeaux, Jr. (collectively "Agency Defendants"), because any such claim is perempted under La. R.S. 9:5606.

**SECOND DEFENSE**

To the extent Merit Energy Company, LLC ("Merit") was not named as an additional insured on the liability policy issued to Acadian by Lexington Insurance Company

1

("Lexington"), effective June 13, 2010 through June 13, 2011 ("Lexington's Policy"), as alleged, Lexington's Policy should be reformed to include Merit as an additional insured.

## THIRD DEFENSE

Under Darwin Select's Policy No. 0304-2450 ("Policy"), Darwin Select is only obligated to pay on behalf of the insured, "Loss" and "Defense Expenses" in excess of the Retention of $500,000, which the insured shall become legally obligated to pay because of "Claims" up to the policy's limit of liability for a claim.  "Loss" means any monetary amount paid on account of an award, judgment or settlement, including punitive or exemplary damages where insurable by law, in excess of the applicable Retention, which the insured is legally obligated to pay as a result of a Claim.  "Loss" does not include Defense Expenses.  Defense Expenses" means reasonable and necessary legal fees and expenses incurred by Darwin Select to defend the insureds and all other fees, costs, costs of subpoenas or appeal bonds or similar undertakings and expenses incurred by Darwin Select resulting from investigation, adjustment, defense and appeal of a Claim.

## FOURTH DEFENSE

Darwin Select's and its insured's and/or Acadian's liability, if any, is limited by the Lexington Policy's "other insurance" provision, which limits Lexington's obligations if other valid and collectible insurance is available.  Lexington Policy, Sec. V., Par. 4.

## FIFTH DEFENSE

Darwin Select's policy does not apply to any Claim, Loss or Defense Expenses based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way

involving any actual or alleged commingling of, or inability or failure to pay, collect, safeguard or return any money or failure to perform any actuarial service.

## SIXTH DEFENSE

Darwin Select has no obligation to pay Loss or Defense Expenses from any Claim under Insuring Agreement A of its policy until the per claim retention of $500,000 for each and every claim has been exhausted in full by payment of Loss or Defense Expenses by the insured.

## SEVENTH DEFENSE

Under Darwin Select's policy, the limit of liability available to pay damages, settlements, or judgments will be reduced and may be exhausted by the payment of Defense Expenses, as defined under the policy.

## EIGHTH DEFENSE

The Agency Defendants and Darwin Select's liability, if any, is limited to the extent of coverage Merit should have had under Lexington's Policy as an additional insured, if such coverage does not exist.  Under the scheduled additional insured endorsement, Lexington's Policy only would provide coverage to merit as an additional insured with respect to liability arising out of "your work" or "your product" and only subject to the Other Insurance provisions.

## NINTH DEFENSE

Acadian's claims are barred in whole or in part by the equitable doctrine of laches, waiver and/or estoppels.

**TENTH DEFENSE**

Acadian's alleged injuries and damages, if any, were caused by the negligence or fault of third parties, for which Darwin Insurance and its alleged insureds are not liable.

**ELEVENTH DEFENSE**

Acadian's claims are barred or alternatively reduced to the extent that the claims exceed the applicable limitations of liability and/or aggregates contained in Darwin Select's policy.

**TWELFTH DEFENSE**

Acadian's claims are barred to the extent that the insured had notice of Acadian's claims and failed to give timely notice to Darwin Select in accordance with the terms of the Policy.

**THIRTEENTH DEFENSE**

Neither Darwin Select nor its alleged insureds' conduct was the cause in fact or proximate cause of any injury alleged by Acadian.  Acadian's recovery is barred, in whole or in part, to the extent there are numerous intervening and superceding causes of the injuries/damages allegedly sustained by Acadian.

**FOURTEENTH DEFENSE**

Acadian's claims may be barred by its own contributory and/or comparative negligence.

**FIFTEENTH DEFENSE**

Darwin Select Insurance pleads all terms, provisions, conditions, and exclusions of its insurance Policy No. 0304-2450 as if copied herein in its entirety.

**SIXTEENTH DEFENSE**

Darwin Select provides no coverage for Acadian's claims to the extent the actions of HUB at issue do not constitute "Professional Services" within the Policy's Terms and Conditions.

**SEVENTEENTH DEFENSE**

The Louisiana Oilfield Anti-Indemnity Act ("LOAIA"), La. R.S. 9:2780, applies to the claims by Merit and/or Acadian in this matter and all such claims of Merit and Acadian are barred under the statute.  In addition, Merit did not pay any premium for insurance and has no right to claim any exclusion from LOAIA.

**EIGHTEENTH DEFENSE**

Because there has been no final determination of fault in this matter and no rights of Merit exist at this time, any demand for defense, indemnity and insurance coverage is premature.

**NINETEENTH DEFENSE**

Acadian's claims are barred to the extent it failed to mitigate its damages.

**TWENTIETH DEFENSE**

Merit was not guilty of any fault or negligence in regard to the accident involving Edward Thibeaux, Jr. on May 1, 2011, and, therefore, has no exposure or liability in this matter.

**TWENTY-FIRST DEFENSE**

Island Operating Company had a duty to defend and indemnify Merit in regard to any injury or damages suffered by Edward Thibeaux, Jr. on the Eugene Island 240 on or about the date of the accident of May 1, 2011, and, in addition, Island Operating Company had a duty to provide insurance for Merit.

Darwin Select further gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves its right to amend this response to assert any such defense.

**ANSWER TO PETITION**

And now, answering the specific allegations of Acadian's Petition, Darwin Select responds as follows:

Darwin Select denies the allegations in the introductory paragraph.

1.

Darwin Select denies the allegations in paragraph 1 for lack of sufficient information to justify a belief therein.

2.

Except as expressly admitted herein, Darwin Select denies the allegations in paragraph 2, including all of its subparts, for lack of sufficient information to justify a belief

therein.  Darwin Select admits it is a surplus lines insurer licensed in the State of Louisiana and who may be served through the Louisiana Secretary of State.

3.

The allegations in paragraph 3 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 3 for lack of sufficient information to justify a belief therein.

4.

The allegations in paragraph 4 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 4 for lack of sufficient information to justify a belief therein.

5.

The allegations in paragraph 5 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 5 for lack of sufficient information to justify a belief therein.

6.

The allegations in paragraph 6 do not involve Darwin Select and require no response. To the extent a response is required, Darwin Select denies the allegations in paragraph 6 for lack of sufficient information to justify a belief therein.

7.

The allegations in paragraph 7 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 7 for lack of sufficient information to justify a belief therein.

8.

The allegations in paragraph 8 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 8 for lack of sufficient information to justify a belief therein.

9.

The allegations in paragraph 9 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 9 for lack of sufficient information to justify a belief therein.

10.

The allegations in paragraph 10 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 10 for lack of sufficient information to justify a belief therein.

11.

The allegations in paragraph 11 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 11 for lack of sufficient information to justify a belief therein.

12.

   The allegations in paragraph 12 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 12 for lack of sufficient information to justify a belief therein.

13.

   The allegations in paragraph 13 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 13 for lack of sufficient information to justify a belief therein.

14.

   The allegations in paragraph 14 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 14 for lack of sufficient information to justify a belief therein.

15.

   The allegations in paragraph 15 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 15 for lack of sufficient information to justify a belief therein.

16.

   The allegations in paragraph 16 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 16 for lack of sufficient information to justify a belief therein.

17.

The allegations in paragraph 17 do not involve Darwin Select and require no response. To the extent a response is required, Darwin Select denies the allegations in paragraph 17 for lack of sufficient information to justify a belief therein.

18.

The allegations in paragraph 18 do not involve Darwin Select and require no response. To the extent a response is required, Darwin Select denies the allegations in paragraph 18 for lack of sufficient information to justify a belief therein.

19.

The allegations in paragraph 19 do not involve Darwin Select and require no response. To the extent a response is required, Darwin Select denies the allegations in paragraph 19 for lack of sufficient information to justify a belief therein.

20.

The allegations in paragraph 20 do not involve Darwin Select and require no response. To the extent a response is required, Darwin Select denies the allegations in paragraph 20 for lack of sufficient information to justify a belief therein.

21.

The allegations in paragraph 21 do not involve Darwin Select and require no response. To the extent a response is required, Darwin Select denies the allegations in paragraph 21 for lack of sufficient information to justify a belief therein.

22.

The allegations in paragraph 22 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 22 for lack of sufficient information to justify a belief therein.

23.

The allegations in paragraph 23 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 23 for lack of sufficient information to justify a belief therein.

24.

The allegations in paragraph 24 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 24 for lack of sufficient information to justify a belief therein.  To the extent the allegations consist of conclusions of law, the law speaks for itself.

25.

The allegations in paragraph 25 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 25 for lack of sufficient information to justify a belief therein.

26.

The allegations in paragraph 26 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph

26 for lack of sufficient information to justify a belief therein.  To the extent the allegations consist of conclusions of law, the law speaks for itself.

27.

The allegations in paragraph 27 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 27 for lack of sufficient information to justify a belief therein.

28.

Except as expressly admitted herein, Darwin Select denies the allegations in paragraph 28.  Darwin Select admits it issued an Insurance Agents and Brokers Professional Liability Insurance Policy to Hubb International Limited, which policy itself is the best evidence of its contents, terms, conditions and exclusions.

29.

Darwin Select re-urges and adopts all of its responses to the allegations in paragraphs 1 through 28, as set forth above.

30.

The allegations in paragraph 30 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 30 for lack of sufficient information to justify a belief therein.

31.

The allegations in paragraph 31 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 31 for lack of sufficient information to justify a belief therein.

32.

The allegations in paragraph 32 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 32 for lack of sufficient information to justify a belief therein.

33.

The allegations in paragraph 33 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 33 for lack of sufficient information to justify a belief therein.

34.

The allegations in paragraph 34 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 34 for lack of sufficient information to justify a belief therein.

35.

The allegations in paragraph 35 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 35 for lack of sufficient information to justify a belief therein.

36.

The allegations in paragraph 36 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 36 for lack of sufficient information to justify a belief therein.

37.

The allegations in paragraph 37 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 37 for lack of sufficient information to justify a belief therein.

38.

The allegations in paragraph 38 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 38 for lack of sufficient information to justify a belief therein.

39.

The allegations in paragraph 39 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 39 for lack of sufficient information to justify a belief therein.

40.

The allegations in paragraph 40 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 40 for lack of sufficient information to justify a belief therein.

41.

The allegations in paragraph 41 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 41 for lack of sufficient information to justify a belief therein.

42.

The allegations in paragraph 42 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 42 for lack of sufficient information to justify a belief therein.

43.

The allegations in paragraph 43 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 43 for lack of sufficient information to justify a belief therein.

44.

The allegations in paragraph 44 do not involve Darwin Select and require no response.  To the extent a response is required, Darwin Select denies the allegations in paragraph 44 for lack of sufficient information to justify a belief therein.

Darwin Select further denies the allegations in the paragraph beginning WHEREFORE, including all of its subparts, and denies that Acadian is entitled to any relief whatsoever.

**WHEREFORE**, defendant  Darwin Select Insurance Company prays that its Answer and Defenses be deemed good and sufficient, and that after due proceedings had, this Court render judgment in its favor, with all costs and fees assessed against the plaintiff Acadian Contractors, Inc.

Respectfully submitted,

*/s/Judy Y. Barrasso*
Judy Y. Barrasso, 2814, T.A.
Michael A. Balascio, 33715
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, Ste. 2400
New Orleans, Louisiana 70112
Telephone: 504-589-9700
Facsimile: 504-5899701
jbarrasso@barrassousdin.com

*Attorneys for Darwin Select Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Darwin Select Insurance Company's Answer and Defenses has been served upon all known counsel of record by the court's electronic system, facsimile, electronic mail or by placing same in the United States mail, postage prepaid and properly addressed this 3rd day of April, 2013.

*/s/Judy Y. Barrasso*

*850493v1*